# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 1 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PIERCE NESBIT, a minor,
by his parent and next friend,
Polly Davis Nesbit,
829 50th Place, NE,
Washington, D.C. 20019,

POLLY DAVIS NESBIT,
829 50th Place, NE,
Washington, D.C. 20019,

CASE NUMBER   1:05CV02429

JUDGE: Henry H. Kennedy

DECK TYPE: Civil Rights (non-employme

DATE STAMP: 12/19/2005

CHARLES ABOUSSIE, a minor,
by his parents and next friends,
Rick Aboussie and Molly Holt,
6617 Barnaby Street, NW,
Washington, D.C. 20015,

RICK ABOUSSIE AND MOLLY HOLT,
6617 Barnaby Street, NW,
Washington, D.C. 20015,

SAM BOORSTIN, a minor,
by his parents and next friends,
Robert Boorstin and Molly Teas,
3119 35th Street, NW,
Washington, D.C. 20016,

ROBERT BOORSTIN AND MOLLY TEAS,
3119 35th Street, NW,
Washington, D.C. 20016,

EMILY COOPER, a minor,
by her parent and next friend,
Jon Cooper,
3109 18th Street, NW,
Washington, D.C. 20010,

JON COOPER,
3109 18th Street, NW,
Washington, D.C. 20010,

SARAH DORROS, a minor,
by her parents and next friends,

Gerald and Arielle Dorros,
3701 Jenifer Street, NW,
Washington, D.C. 20015,

GERALD AND ARIELLE DORROS,
3701 Jenifer Street, NW,
Washington, D.C. 20015,

ADRIAN ELLENA, a minor,
by his parents and next friends,
Guy Ellena and Dany Bosseler,
5315 42nd Street, NW,
Washington, D.C. 20015,

GUY ELLENA AND DANY BOSSELER,
5315 42nd Street, NW,
Washington, D.C. 20015,

ROBERT GARNES, a minor,
by his parent and next friend,
Octavia Kelsey,
515 Oglethorpe Street, NW,
Washington, D.C. 20011-2034,

OCTAVIA KELSEY,
515 Oglethorpe Street, NW,
Washington, D.C. 20011-2034,

ANDREW GOLDSTROM, a minor,
by his parent and next friend,
Ingrid Goldstrom,
5410 Connecticut Avenue, NW, #306
Washington, D.C. 20015,

INGRID GOLDSTROM,
5410 Connecticut Avenue, NW, #306
Washington, D.C. 20015,

AYDN GRAY-JUAREZ, a minor,
by his parents and next friends,
Chemayn Gray and Sandra Juarez,
712 Rock Creek Church Road, NW,
Washington, D.C. 20010,

CHEMAYN GRAY AND SANDRA JUAREZ,
712 Rock Creek Church Road, NW,
Washington, D.C. 20010,

REBEKAH HOUSE, a minor,
by her parent and next friend,
Deborah House,
3069 Chestnut Street, NW,
Washington, D.C. 20015,

DEBORAH HOUSE,
3069 Chestnut Street, NW,
Washington, D.C. 20015,

JAMES SAHM, a minor,
by his parents and next friends,
Billy and Rose Sahm,
5330 Sherrier Place, NW,
Washington, D.C. 20016,

BILLY AND ROSE SAHM,
5330 Sherrier Place, NW,
Washington, D.C. 20016,

JOSHUA SAHR, a minor,
by his parents and next friends,
David Sahr and Lori Milstein,
2450 Huidekoper Place, NW,
Washington, D.C. 20007,

DAVID SAHR AND LORI MILSTEIN,
2450 Huidekoper Place, NW,
Washington, D.C. 20007,

SASHA SAIDMAN, a minor,
by her parents and next friends,
Perry Saidman,
5526 MacArthur Boulevard, NW,
Washington, D.C. 20016,
and
Susan Ogden
7921 Sligo Creek Parkway
Takoma Park, Maryland 20912,

-3-

PERRY SAIDMAN,
5526 MacArthur Boulevard, NW,
Washington, D.C. 20016,

SUSAN OGDEN,
7921 Sligo Creek Parkway
Takoma Park, Maryland 20912,

MAYA SOLOMON-LANE, a minor,
by her parent and next friend,
Laura Solomon,
5512 30th Street, NW,
Washington, D.C. 20015,

LAURA SOLOMON,
5512 30th Street, NW,
Washington, D.C. 20015,

MILES TAG, a minor,
by his parents and next friends,
Howard and Lynne Tag,
5741 Sherrier Place, NW,
Washington, D.C. 20016,

HOWARD AND LYNNE TAG,
5741 Sherrier Place, NW,
Washington, D.C. 20016,

PETER WEBER, a minor,
by his parents and next friends,
Peter G. and Kristin Weber,
3556 Brandywine Street, NW,
Washington, D.C. 20008,

PETER G. AND KRISTIN WEBER,
3556 Brandywine Street, NW,
Washington, D.C. 20008,

ESTHER WERNER, a minor,
by her parents and next friends,
Michael Werner and Monica Adler Werner,
3709 Legation Street, NW,
Washington, D.C. 20015,

-4-

MICHAEL WERNER AND MONICA ADLER WERNER,
3709 Legation Street, NW,
Washington, D.C. 20015,

CHARLES "HARRY" YOWELL, a minor,
by his parent and next friend,
Audrey Yowell,
5415 Connecticut Avenue, NW,  # L-35
Washington, D.C. 20015,

and

AUDREY YOWELL,
5415 Connecticut Avenue, NW,  # L-35
Washington, D.C. 20015,

                    Plaintiffs,

          v.

DISTRICT OF COLUMBIA,
A Municipal Corporation,
One Judiciary Square,
441 Fourth Street, NW,
Washington, D.C. 20001,

and

CLIFFORD B. JANEY (officially as)
Superintendent,
District of Columbia Public Schools,
825 North Capitol Street, NE,
Washington, D.C. 20002,

                    Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Preliminary Statement

1.      This is an action for reimbursement of attorneys' fees and costs incurred by

children with disabilities and their parents.  Defendants have failed to carry out their legal duty to

-5-

reimburse those fees and, without the Court's intervention, plaintiffs will not be able to obtain relief.

### Jurisdiction

2.    This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(I)(3); the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; 42 U.S.C. § 1983 ("Section 1983"); and 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

### Parties

3.    The plaintiffs are children with disabilities, who at all times relevant to this action were residents of the District of Columbia, and their parents, who prevailed in administrative hearings held pursuant to the IDEA.

4.    The District of Columbia is a municipal corporation which receives federal financial assistance and, therefore, is required to comply with the IDEA and this Court's decision in *Mills v. District of Columbia Bd. of Educ.*

5.    Clifford B. Janey is the Superintendent of the District of Columbia Public Schools ("DCPS"), and, as such, is responsible for ensuring that all children with disabilities in the District of Columbia receive a free, appropriate education and that their rights to equal protection and due process of law are protected. He is sued in his official capacity.

6.    Pierce Nesbit is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

7.    Pierce Nesbit and his parent prevailed by a Settlement Agreement dated September 28, 2005, in an administrative hearing held pursuant to the IDEA. Exhibit 3A.

8.     Pierce Nesbit and his parent were a prevailing party as that term is used in the IDEA.

9.     Pierce Nesbit and his parent are entitled to attorneys' fees and costs for the administrative action.

10.     On October 12, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Pierce Nesbit's administrative action, providing all relevant documentation for payment.  Exhibit 3B.

11.     The District of Columbia has not responded to this request, nor reimbursed attorneys' fees and costs in any amount to Pierce Nesbit and his parent.

12.     Charles Aboussie is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

13.     Charles Aboussie and his parents prevailed by a Hearing Officer's Decision dated January 6, 2005, in an administrative hearing held pursuant to the IDEA.  Exhibit 4A.

14.     Charles Aboussie and his parents prevailed by a Hearing Officer's Decision dated November 30, 2004, in an administrative hearing held pursuant to the IDEA.  Exhibit 5A.  This Hearing Officer's Decision consolidated this administrative appeal with a subsequent administrative appeal so when plaintiffs prevailed by the Hearing Officer's Decision dated January 6, 2005 (Exhibit 4A), they also prevailed on this administrative appeal.

15.     Charles Aboussie and his parents were a prevailing party in both actions as that term is used in the IDEA.

16.     Charles Aboussie and his parents are entitled to attorneys' fees and costs for these administrative actions.

-7-

17.    On February 18, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Charles Aboussie's administrative action decided on January 6, 2005, providing all relevant documentation for payment. Exhibit 4B.

18.    On April 12, 2005, the District of Columbia responded to Charles Aboussie's claim for attorneys' fees and costs for the administrative action decided on January 6, 2005, denying some charges as excessive. Exhibit 4C. The District of Columbia subsequently reimbursed the family in part.

19.    The District of Columbia has not reimbursed the remaining attorneys' fees and costs to Charles Aboussie and his parents.

20.    On February 18, 2005, plaintiffs also requested reimbursement from the District of Columbia for attorneys' fees and costs for Charles Aboussie's administrative action decided on November 30, 2004, providing all relevant documentation for payment. Exhibit 5B.

21.    On March 2, 2005, the District of Columbia responded to Charles Aboussie's claim for attorneys' fees and costs for the administrative action decided on November 30, 2004, denying some charges as excessive. Exhibit 5C. The District of Columbia subsequently reimbursed the family in part.

22.    The District of Columbia has not reimbursed the remaining attorneys' fees and costs to Charles Aboussie and his parents.

23.    Sam Boorstin is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

24.    Sam Boorstin and his parents prevailed by a Hearing Officer's Decision dated October 29, 2004, in an administrative hearing held pursuant to the IDEA. Exhibit 6A.

25.    Sam Boorstin and his parents were a prevailing party as that term is used in the IDEA.

26.    Sam Boorstin and his parents are entitled to attorneys' fees and costs for the administrative action.

27.    On December 10, 2004, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Sam Boorstin's administrative action, providing all relevant documentation for payment.  Exhibit 6B.

28.    On January 6, 2005, the District of Columbia responded to Sam Boorstin's claim for attorneys' fees and costs, denying some charges as excessive.  Exhibit 6C.  The District of Columbia subsequently reimbursed the family in part.

29.    The District of Columbia has not reimbursed the remaining attorneys' fees and costs to Sam Boorstin and his parents.

30.    Emily Cooper is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

31.    Emily Cooper and her parent prevailed by a Hearing Officer's Decision dated July 28, 2005, in an administrative hearing held pursuant to the IDEA.  Exhibit 7A.

32.    Emily Cooper and her parent were a prevailing party as that term is used in the IDEA.

33.    Emily Cooper and her parent are entitled to attorneys' fees and costs for the administrative action.

34.    On September 8, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Emily Cooper's administrative action, providing all relevant documentation for payment. Exhibit 7B.

35.    The District of Columbia has not responded to this request, nor reimbursed attorneys' fees and costs in any amount to Emily Cooper and her parent.

36.    Sarah Dorros is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

37.    Sarah Dorros and her parents prevailed by a Hearing Officer's Decision dated April 6, 2005, in an administrative hearing held pursuant to the IDEA. Exhibit 8A.

38.    Sarah Dorros and her parents were a prevailing party as that term is used in the IDEA.

39.    Sarah Dorros and her parents are entitled to attorneys' fees and costs for the administrative action.

40.    On May 19, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Sarah Dorros' administrative action, providing all relevant documentation for payment. Exhibit 8B.

41.    On May 20, 2005, the District of Columbia responded to Sarah Dorros' claim for attorneys' fees and costs denying some charges as excessive. Exhibit 8C. The District of Columbia subsequently reimbursed the family in part.

42.    The District of Columbia has not reimbursed the remaining attorneys' fees and costs to Sarah Dorros and her parents.

43.     Adrien Ellena is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

44.     Adrien Ellena and his parents prevailed by a Hearing Officer's Decision dated November 3, 2004, in an administrative hearing held pursuant to the IDEA. Exhibit 9A.

45.     Adrien Ellena and his parents were a prevailing party as that term is used in the IDEA.

46.     Adrien Ellena and his parents are entitled to attorneys' fees and costs for the administrative action.

47.     On December 16, 2004, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Adrien Ellena's administrative action, providing all relevant documentation for payment. Exhibit 9B.

48.     On January 6, 2005, the District of Columbia responded to Adrien Ellena's claim for attorneys' fees and costs, denying some charges as excessive. Exhibit 9C. The District of Columbia subsequently reimbursed the family in part.

49.     The District of Columbia has not reimbursed the remaining attorneys' fees and costs to Adrien Ellena and his parents.

50.     Robert Garnes is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

51.     Robert Garnes and his parent prevailed by a Hearing Officer's Decision dated August 20, 2005, in an administrative hearing held pursuant to the IDEA. Exhibit 10A.

52.     Robert Garnes and his parent were a prevailing party as that term is used in the IDEA.

-11-

53.     Robert Garnes and his parent are entitled to attorneys' fees and costs for the administrative action.

54.     On October 4, 2005 plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Robert Garnes' administrative action, providing all relevant documentation for payment.  Exhibit 10B.

55.     The District of Columbia has not responded to this request, nor reimbursed attorneys' fees and costs in any amount to Robert Garnes and his parent.

56.     Andrew Goldstrom is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

57.     Andrew Goldstrom and his parent prevailed by a Hearing Officer's Decision dated June 2, 2004, in an administrative hearing held pursuant to the IDEA.  Exhibit 11A.  This Hearing Officer's Decision was made upon a remand to the Hearing Officer from this Court, which vacated and remanded a previous administrative decision.

58.     Andrew Goldstrom and his parent were a prevailing party in both the Court action and the administrative action, as that term is used in the IDEA.

59.     Andrew Goldstrom and his parent are entitled to attorneys' fees and costs for both the administrative action and the Court action.

60.     On August 9, 2004, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Andrew Goldstrom's administrative and Court actions, providing all relevant documentation for payment.  Exhibit 11B.

61.     On November 8, 2004, defendants electronically mailed the family's counsel, advising that Andrew Goldstrom's invoices for the administrative and Court actions must be

-12-

submitted separately, so that defendants could pay the invoices for the administrative and Court appeals separately. Exhibit 11C.

62.     Pursuant to this request, on November 18, 2004, plaintiffs again requested reimbursement from the District of Columbia for attorneys' fees and costs for Andrew Goldstrom's administrative and Court actions, again providing all relevant documentation for payment, and this time itemizing the two actions as separate fee submissions. Exhibit 11D.

63.     Having received no response from defendants, on March 4, 2005, plaintiffs' counsel sent a letter to Erika Pierson, inquiring about the status of Andrew Goldstrom's fee claims. Exhibit 11E

64.     On March 21, 2004, the District of Columbia responded to these claims, approving payment for Andrew Goldstrom's administrative and Court actions, each in part, denying some charges as excessive. Exhibit 11F. The District of Columbia subsequently reimbursed the family in part for both the administrative and Court actions. Exhibit 11G.

65.     The District of Columbia has not reimbursed the remaining attorneys' fees and costs for either the administrative or Court actions to Andrew Goldstrom and his parent.

66.     Aydn Gray-Juarez is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

67.     Aydn Gray-Juarez and his parents prevailed by a Settlement Agreement dated January 7, 2005, in an administrative hearing held pursuant to the IDEA. Exhibit 12A.

68.     Aydn Gray-Juarez and his parents were a prevailing party as that term is used in the IDEA.

69.     Aydn Gray-Juarez and his parents are entitled to attorneys' fees and costs for the administrative action.

70.     On February 18, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Aydn Gray-Juarez's administrative action, providing all relevant documentation for payment. Exhibit 12B. On March 10, 2005, plaintiffs submitted a corrected copy of this document to the District of Columbia, correcting the date on one single time charge. Exhibit 12C. This correction was merely clerical, and did not alter the total amount claimed.

71.     On March 2, 2005, the District of Columbia responded to Aydn Gray-Juarez's claim for attorneys' fees and costs, denying some charges as excessive. Exhibit 12D. The District of Columbia subsequently reimbursed the family in part.

72.     On March 25, 2005, the District of Columbia responded for a second time to this claim for attorneys' fees and costs, and denied the same charges as previously. Exhibit 12E. This response was an apparent error, and when the District of Columbia subsequently reimbursed the family in part a second time, plaintiffs returned this apparently erroneous payment to defendants. (*See* Exhibit 12E, Check dated April 8, 2005, which plaintiffs returned to defendants.)

73.     Defendants' response to Aydn Gray-Juarez's claim for attorneys' fees and costs (Exhibit 12D) disputed one itemized claim on the basis that it included an "Insufficient Description."

74.     Pursuant to defendants' stated dispute, on April 22, 2005, plaintiffs provided a more detailed invoice for this single disputed claim for costs related to Aydn Gray-Juarez's

-14-

administrative action. Plaintiffs again requested reimbursement from the District of Columbia for these costs for Aydn Gray-Juarez's administrative action, providing all relevant documentation for payment. Exhibit 12F.

75.    On April 25, 2005, the District of Columbia responded to this request, issuing a Dispute Sheet and denying payment for this specific claim. Exhibit 12G.

76.    The District of Columbia has not reimbursed the remaining attorneys' fees and costs to Aydn Gray-Juarez and his parents.

77.    Rebekah House is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

78.    Rebekah House and her parent prevailed by a Hearing Officer's Decision dated August 19, 2005, in an administrative hearing held pursuant to the IDEA. Exhibit 13A.

79.    Rebekah House and her parent were a prevailing party as that term is used in the IDEA.

80.    Rebekah House and her parent are entitled to attorneys' fees and costs for the administrative action.

81.    On September 30, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Rebekah House's administrative action, providing all relevant documentation for payment. Exhibit 13B.

82.    On October 12, 2005, plaintiffs made a second request for reimbursement from the District of Columbia for attorneys' fees and costs for Rebekah House's administrative action, providing all relevant documentation for payment. Exhibit 13C.

83.     The District of Columbia has not responded to either of these requests, nor reimbursed attorneys' fees and costs in any amount to Rebekah House and her parent.

84.     James Sahm is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

85.     James Sahm and his parents prevailed by a Settlement Agreement dated January 5, 2005, in an administrative hearing held pursuant to the IDEA.  Exhibit 14A.

86.     James Sahm and his parents were a prevailing party as that term is used in the IDEA.

87.     James Sahm and his parents are entitled to attorneys' fees and costs for the administrative action.

88.     On February 18, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for James Sahm's administrative action, providing all relevant documentation for payment.  Exhibit 14B.

89.     On March 2, 2005, the District of Columbia responded to James Sahm's claim for attorneys' fees and costs, denying some charges as excessive.  Exhibit 14C.  The District of Columbia subsequently reimbursed the family in part.

90.     The District of Columbia has not reimbursed the remaining attorneys' fees and costs to James Sahm and his parents.

91.     Joshua Sahr is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

92.     Joshua Sahr and his parents prevailed by a Hearing Officer's Decision dated February 2, 2005, in an administrative hearing held pursuant to the IDEA.  Exhibit 15A.

93.     Joshua Sahr and his parents were a prevailing party as that term is used in the IDEA.

94.     Joshua Sahr and his parents are entitled to attorneys' fees and costs for the administrative action.

95.     On February 18, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Joshua Sahr's administrative action, providing all relevant documentation for payment.  Exhibit 15B.

96.     On March 2, 2005, the District of Columbia responded to Joshua Sahr's claim for attorneys' fees and costs, denying some charges as excessive.  Exhibit 15C.  The District of Columbia subsequently reimbursed the family in part.

97.     The District of Columbia has not reimbursed the remaining attorneys' fees and costs to Joshua Sahr and his parents.

98.     Sasha Saidman is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

99.     Sasha Saidman and her parents prevailed by a Hearing Officer's Decision dated June 7, 2005, in an administrative hearing held pursuant to the IDEA.  Exhibit 16A.

100.    Sasha Saidman and her parents were a prevailing party as that term is used in the IDEA.

101.    Sasha Saidman and her parents are entitled to attorneys' fees and costs for the administrative action.

-17-

102.    On July 20, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Sasha Saidman's administrative action, providing all relevant documentation for payment.  Exhibit 16B.

103.    The District of Columbia has not responded to this request, nor reimbursed attorneys' fees and costs in any amount to Sasha Saidman and her parents.

104.    Maya Soloman-Lane is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

105.    Maya Soloman-Lane and her parent prevailed by a Settlement Agreement dated April 1, 2005, in an administrative hearing held pursuant to the IDEA.  Exhibit 17A.

106.    Maya Soloman-Lane and her parent were a prevailing party as that term is used in the IDEA.

107.    Maya Soloman-Lane and her parent are entitled to attorneys' fees and costs for the administrative action.

108.    On May 19, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Maya Solomon-Lane's administrative action, providing all relevant documentation for payment.  Exhibit 17B.

109.    On June 15, 2005, the District of Columbia responded to Maya Soloclaim for attorneys' fees and costs, denying some charges as excessive.  Exhibit 17C.  The District of Columbia subsequently reimbursed the family in part.

110.    The District of Columbia has not reimbursed the remaining attorneys' fees and costs to Maya Soloman-Lane and her parent.

-18-

111.    Miles Tag is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

112.    Miles Tag and his parents prevailed by a Hearing Officer's Decision dated August 18, 2005, in an administrative hearing held pursuant to the IDEA. Exhibit 18A.

113.    Miles Tag and his parents were a prevailing party as that term is used in the IDEA.

114.    Miles Tag and his parents are entitled to attorneys' fees and costs for the administrative action.

115.    On September 30, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Miles Tags' administrative action, providing all relevant documentation for payment. Exhibit 18B.

116.    The District of Columbia has not responded to this request, nor reimbursed attorneys' fees and costs in any amount to Miles Tag and his parents.

117.    Peter Weber is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

118.    Peter Weber and his parents prevailed by a Hearing Officer's Decision dated February 8, 2005, in an administrative hearing held pursuant to the IDEA. Exhibit 19A.

119.    Peter Weber and his parents were a prevailing party as that term is used in the IDEA.

120.    Peter Weber and his parents are entitled to attorneys' fees and costs for the administrative action.

-19-

121.    On February 18, 2005, plaintiffs requested reimbursement from the District of

Columbia for attorneys' fees and costs for Peter Weber's administrative action, providing all

relevant documentation for payment. Exhibit 19B.

122.    On March 2, 2005, the District of Columbia responded to Peter Weber's claim for

attorneys' fees and costs, denying some charges as excessive. Exhibit 19C. The District of

Columbia subsequently reimbursed the family in part.

123.    The District of Columbia has not reimbursed the remaining attorneys' fees and

costs to Peter Weber and his parents.

124.    Esther Werner is a child with disabilities, as defined by the IDEA, who has been a

resident of the District of Columbia at all times relevant to this action.

125.    Esther Werner and her parents prevailed by a Hearing Officer's Decision dated

November 2, 2004, in an administrative hearing held pursuant to the IDEA. Exhibit 20A.

126.    Esther Werner and her parents were a prevailing party as that term is used in the

IDEA.

127.    Esther Werner and her parents are entitled to attorneys' fees and costs for the

administrative action.

128.    On December 10, 2004, plaintiffs requested reimbursement from the District of

Columbia for attorneys' fees and costs for Esther Werner's administrative action, providing all

relevant documentation for payment. Exhibit 20B.

129.    On January 6, 2005, the District of Columbia responded to Esther Werner's claim

for attorneys' fees and costs, denying some charges as excessive. Exhibit 20C. The District of

Columbia subsequently reimbursed the family in part.

130.    The District of Columbia has not reimbursed the remaining attorneys' fees and costs to Esther Werner and her parents.

131.    Charles Yowell is a child with disabilities, as defined by the IDEA, who has been a resident of the District of Columbia at all times relevant to this action.

132.    Charles Yowell and his parent prevailed by a Hearing Officer's Decision dated August 17, 2005, in an administrative hearing held pursuant to the IDEA.  Exhibit 21A.

133.    Charles Yowell and his parent were a prevailing party as that term is used in the IDEA.

134.    Charles Yowell and his parent are entitled to attorneys' fees and costs for the administrative action.

135.    On October 4, 2005, plaintiffs requested reimbursement from the District of Columbia for attorneys' fees and costs for Charles Yowell's administrative action, providing all relevant documentation for payment.  Exhibit 21B.

136.    The District of Columbia has not responded to this request, nor reimbursed attorneys' fees and costs in any amount to Charles Yowell and his parent.

137.    Without any legal authority, defendants require that all submissions of attorneys' fees claims be filed within forty-five days of the administrative order.

138.    Defendants do not act within any deadline for processing and acting on these requests.

139.    In each of plaintiffs' administrative cases, plaintiffs have submitted timely claims for reimbursement of attorneys' fees and costs, with all necessary supporting documentation.

-21-

140.    The attorneys' fees and costs sought by plaintiffs are attached to this Complaint as Exhibits 3-21, with a spreadsheet summarizing the amounts sought attached as Exhibit 2.

141.    Defendants have not resolved a single one of these claims in full.

142.    Plaintiffs have made numerous efforts to resolve this matter out of Court.

143.    Defendants have failed to reimburse fully the fees and costs that have been submitted, and on nearly half of these submitted claims, have made no payments whatsoever.

144.    Defendants process the submissions for payment in bad faith, and without regard to timeliness.

145.    Defendants' "process" of approving and/or denying sought-after attorneys' fees and costs is inadequate. The information typically provided to plaintiffs' counsel does not detail any date by which the "approved" amounts will be paid, it does not identify which items on each invoice were "approved" and which were "denied," and it does not specify how the "approved" funds are to be applied, *i.e.* to attorneys' fees, to attorneys' costs, or to expert costs.

146.    Defendants have ignored repeated requests to itemize the amounts reimbursed, so that counsel can identify whether to apply funds to attorneys' fees, to attorneys' costs, or to expert costs.

147.    Defendants provide no rationale whatsoever for denying certain invoiced amounts – or for approving others.

148.    Defendants have indicated no intention of fully reimbursing attorneys' fees and costs to any of the plaintiffs.

149.    Defendants' failure to reimburse the attorneys' fees and costs in full violates the IDEA.

-22-

150.    Defendants' failure to reimburse the attorneys' fees and costs in full violates plaintiffs' rights to due process of law.

151.    Defendants use the attorneys' fees reimbursement process to harass, intimidate, and punish parents who prevail in the administrative process.

152.    Defendants are arbitrary and capricious in their general practice of refusing to make full payments for attorneys' fees and costs under the IDEA.

153.    Defendants make a general practice of processing requests for attorneys' fees and costs in bad faith, and without regard to timeliness.

154.    Defendants' bad faith practice of failing to process and/or respond to requests for attorneys' fees and costs when made outside of Court has forced plaintiffs to bring the instant action.


WHEREFORE, plaintiffs respectfully request that this Court issue an Order:

1.    Declaring that defendants have violated plaintiffs' rights under the IDEA;

2.    Compelling defendants to pay plaintiffs and their counsel reasonable attorneys' fees as defined by the IDEA;

3.    Issue an order appointing an impartial person or organization, under the Court's direction and funded by the defendants, to process the attorneys' fees submissions and mandate the payments of fees and costs by defendants;

4.    Awarding plaintiffs their reasonable attorneys' fees and costs for this action;

5.    Awarding such other relief as may be just and proper.


-23-

Respectfully Submitted,


Michael J. Eig          #912733


Haylie M. Iseman        #471891
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue
Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for the Plaintiffs