# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————

**POLLY DAVIS NESBIT,** *et al.*,

    **Plaintiffs,**

        **v.**

**DISTRICT OF COLUMBIA,** *et al.*,

    **Defendants.**

———————————————————————

)
)
)
)
)
)
)
)
)
)
)
)

**Civil Action No. 05-2429 (HHK)**

## DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT

The Defendants, by counsel, hereby move, pursuant to Fed. P. Civ. R. 12(b)(6), for partial dismissal of plaintiffs' Complaint, for their failure to state a claim against Defendants for which relief may be granted.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH, #012914
Chief, Equity Section 2

/s/ Veronica A. Porter
VERONICA A. PORTER, #412273
Assistant Attorney General
441 4th Street, NW, 6th FL South
Washington, D.C. 20001
(202)724-6651

**January 17, 2006**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
POLLY DAVIS NESBIT, *et al*.,           )
                                        )
         Plaintiffs,                    )
                                        )
             v.                         )        Civil Action No. 05-2429 (HHK)
                                        )
DISTRICT OF COLUMBIA, *et al*.,         )
                                        )
         Defendants.                    )
_____)

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THEIR MOTION FOR PARTIAL DISMISSAL

### Preliminary Statement.

Plaintiffs filed the instant lawsuit on December 19, 2005, against Clifford Janey,

as Superintendent of the District of Columbia Public Schools ("DCPS"), and the District

of Columbia ("District").[1] This action is an aggregation of claims on behalf of 18

different plaintiff/students.  All 18 claimants assert that they were "prevailing parties" in

administrative proceedings pursuant to the Individuals with Disabilities Education Act,

20 U.S.C. §§ 1400 et seq. ("IDEA"), and seek recovery of attorneys' fees.  Four

claimants – plaintiffs Nesbit (see ¶7), Gray-Juarez (see ¶67), Sahm (see ¶85) and

Solomon-Lane (see ¶105) – assert that they were "prevailing parties" under IDEA by

virtue of settlement agreements entered into during the course of administrative

_____

[1] The complaint identifies the District at the Office of its Attorney General ("OAG") at 441 4th Street, N.W. There is no indication in the Court's efile docket that the Mayor has been served a copy of the complaint. Exhibits apparently accompanying the complaint filed with the Court were not served on OAG (or, if the complaint has been served on the Mayor, on the Mayor as well).  Accordingly, it appears service of the complaint has not yet been perfected.

proceedings.  The Plaintiffs generally allege that they were either partially paid, or not paid at all, for the attorneys' fees and costs they incurred.

The complaint (paragraph 2) states that it is being filed pursuant to IDEA, the Rehabilitation Act of 1973 - 29 U.S.C. §791("Section 504"), 29 U.S.C. § 794, 42 U.S.C. § 1983 ("Section 1983") and 28 U.S.C. §§ 1331 and 1343.

As shown below, however, the plaintiffs' complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

## ARGUMENT

### I.    Standards for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction.  See District of Columbia Retirement Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987).  Dismissal pursuant to Rule 12(b)(6) is appropriate when a complainant has failed to set forth a claim for which he/she is entitled to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (holding complaint should be dismissed pursuant to Fed. R. Civ. P. 12 "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would have entitled him to relief").  Based on the allegations in the complaint, and construing the complaint most favorably to the plaintiffs, certain of their claims fail as a matter of law.

### II.    The Law Mandates Partial Dismissal of the Instant Lawsuit.

#### A.  To the extent the complaint is based on the Rehabilitation Act, it fails to state a claim on which relief can be granted.

In the complaint, jurisdiction is asserted under, among other things, "the Rehabilitation Act of 1973 ('Section 504'), 29 U.S.C. §794."  Complaint, para. 2.

The portion of this action which is based on the Rehabilitation Act, 29 U.S.C. §§791 et seq., should be summarily dismissed.

First, that statute – intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidated Rail Corp. v. Darrone, 465 U.S. 624, 626 (1984) – is wholly irrelevant here. The complaint does not assert that any discriminatory employment claims are involved in this action. To the extent the complaint may be limited to administrative activities relating to "a free, appropriate education" under IDEA, the Supreme Court long ago made clear that IDEA supplanted any rights and remedies in that regard which may earlier have been found in the Rehabilitation Act. Speaking of the Education for All Handicapped Children Act ("EHA"), the predecessor of IDEA, the Court in Smith v. Robinson, 468 U.S. 992, 1019 (1984) stated:

> [T]here is no doubt that the remedies, rights, and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education. We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of [29 U.S.C. §794].

Also, e.g., Doe v. Maher, 793 F.2d 1470, 1494 (9th Cir.), cert. granted, 479 U.S. 1084, aff'd as modified, 484 U.S. 305(1986) (IDEA "provides the sole remedy for handicapped children who have been denied their right to a free appropriate public education") (citing Smith v. Robinson, supra; Atascadero State Hospital v. Scanlon, 473, U.S. 234 (1985); Alexopulos v. Riles, 784 F.2d 1408 (9th Cir. 1986); Swift v. The Rapides Parish Public School System, 812 F.Supp. 666, 667 n.1 (W.D.La.), aff'd, 12 F.3d 209 (5th Cir. 1993) ("relief under section 504 is not available for [IDEA] violations").

Second, it is equally clear that, since the claims here are for attorneys' fees relating to administrative actions under IDEA, such claims may not be pursued under the Rehabilitation Act.  For the enactment of IDEA "precludes [such plaintiffs] from recovering attorney's fees under the Rehabilitation Act of 1973."  Wilson v. Marana Unified School District No. 6, 735 F.2d 1178, 1183 (9th Cir. 1984).  Accord, McKenzie v. Smith, 771 F.2d 1527, 1536 (1985) ("In Smith v. Robinson [supra], the Supreme Court held that litigants and courts cannot rely on . . . Section 505 of the Rehabilitation Act, 29 U.S.C. §794a(b), to support attorney fees awards in [EHA] review proceedings"); Georgia Association of Retarded Citizens v. McDaniel, 740 F.2d 902 (9th Cir. 1984), cert. denied, 469 U.S. 1228 (1984); Laughlin v. School District No. 1, 689 P.2d 334, 335 (Ct. App. Ore. 1984), review denied, 695 P.2d 50 (1985) ("a party may not resort to section 504 to recover attorney fees when seeking to enforce rights guaranteed by the EHA by simply restating the EHA claim under section 504").

**B.      The complaint asserts no bases for a grant of attorneys' fees under 42 U.S.C. § 1983.**

Plaintiffs cannot recover attorney's fees under 42 U.S.C. section 1983 because they failed even to even assert — much less demonstrate – essential elements of a claim for violation of that statute.  To prove a section 1983 violation in an IDEA case, plaintiffs have the burden to establish by a preponderance of the evidence (1) that the District of Columbia Public Schools ("DCPS") violated one or more specific provisions of the IDEA; (2) that exceptional circumstances exist such that the conduct of DCPS that caused the violations was persistently egregious and prevented or frustrated plaintiffs from securing equitable relief under the IDEA; (3) that the District of Columbia has a custom or practice that is the moving force behind the violations; (4) that the normal

remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm suffered. See Walker v. District of Columbia, 969 F. Supp. 794, 797 (D.D.C.1997); Johnson v. District of Columbia, 190 F.Supp. 2d 34, 47 (D.D.C. 2002); Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978).

      Although plaintiffs cite section 1983 in the jurisdictional statement of the complaint, nothing within the complaint even asserts that the conduct of DCPS, which allegedly caused the "violations" complained of, was persistently egregious and prevented plaintiffs from securing equitable relief under the IDEA; that the District of Columbia has a custom or practice that was the moving force behind the alleged IDEA violations; or that the normal remedies offered under the IDEA are inadequate to provide the relief requested.

      Given the fact that the complaint makes no effort to establish section 1983 liability, plaintiffs do not have a viable claim in that regard.  IDEA violations cannot serve as a "predicate" for a section 1983 claim unless plaintiffs meet their burden to establish municipal liability thereunder.  Plaintiffs have failed even to assert any of the elements necessary to establish liability under section 1983, and they are not entitled to attorney's fees under section 1988.  Plaintiffs' entitlement to attorney's fees arises solely under the IDEA. See Doe v. Maher, 797 F2d. 787 (9th Cir. 1986); Paul D. Pearlstein  v. District of Columbia, Civ. No. 98-01877 (Memorandum Opinion, December 28, 2000, Kessler, J.).  Thus, plaintiffs may not recover attorney's fees under section 1988 because of their failure to assert any 1983 claim.  See Farrer v. Hobby, 506 U.S. 103 (1992).

**B. Plaintiffs Nesbit, Gray-Juarez, Sahm and Solomon-Lane are not entitled to relief as their claims derive from settlement agreements, which do not make them "prevailing parties."**

In order to be entitled to attorneys' fees under either IDEA, a party must establish that it was a "prevailing party" under that statute. *See* 20 U.S.C. § 1415(i)(3)(B). In terms of defining a "prevailing party," case law holds that "plaintiffs who settle IDEA cases before securing a decision in an administrative hearing are not 'prevailing parties' entitled to fees pursuant to the IDEA's fee-shifting provision, 20 U.S.C. §1415(i)(3)(B)." See <u>Smith v. District of Columbia</u>, No. 03-7130, Judgment at p. 2 (D.C. Cir. Dec. 3, 2004). Moreover, <u>Alegria v. District of Columbia</u>, 2004 U.S. App. Lexis 25138 (D.C. Cir. 2004), in citing <u>Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.</u>, 532 U.S. 598 (2001), affirmed the following points: (1) attorneys' fees are not warranted without formal judicial action; (2) private settlements do not entail judicial approval and oversight; and (3) a request for attorneys' fees based upon a private settlement must be denied.

In this action, plaintiffs Nesbit, Gray-Juarez, Sahm and Solomon-Lane each claim that they are "prevailing parties" based upon settlement agreements entered into with the District. See Complaint, paras. 7, 67, 85, 105. As recent case law has held, those four plaintiffs are not "prevailing parties" and, accordingly, are not entitled to an award of attorneys' fees under IDEA. Thus, the actions of plaintiffs Nesbit, Gray-Juarez, Sahm and Solomon-Lane should be dismissed as a matter of law.

## CONCLUSION

The Plaintiffs are not entitled to attorneys' fees under "Section 504" of the Rehabilitation Act of 1973. Moreover, since the Plaintiffs' entitlement to attorneys' fees

in this case arises under the IDEA, and because the complaint does not allege any of the elements necessary to establish liability under sections 1983 and/or 1988 of the Civil Rights Act, the Court may not award plaintiffs' attorney's fees under that statute, and any such claims must also be dismissed.  Finally, to the extent plaintiffs Nesbit, Gray-Juarez, Sahm and Solomon-Lane entered into settlement agreements with the District, they are not "prevailing parties" under IDEA, pursuant to <u>Alegria</u> and <u>Buckhannon</u>, <u>supra</u>.  As such, their claims should be dismissed as a matter of law as well.

It should be noted that precisely these same issues were presented to this Court – and this Judge – by the same Plaintiffs' counsel in <u>Lax v. District of Columbia</u>, Civ. No. 04-1940 (D.D.C.).  By order issued September 15, 2005, the Court there granted the relief requested here by the Defendants.  The Court should do so in this case as well.  And it should admonish Plaintiffs' counsel that the re-presentation of issues earlier settled adversely by this Court is inappropriate and unduly burdensome to the Court and to the Defendants.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH, #012914
Chief, Equity Section 2

_/s/_ Veronica A. Porter
VERONICA A. PORTER, #412273
Assistant Attorney General
441 4th Street, NW, 6th FL South
Washington, D.C. 20001
(202)724-6651

**January 17, 2006**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**POLLY DAVIS NESBIT,** *et al.*,          )
                                          )
    **Plaintiffs,**        )
                                          )
    **v.**                 )    **Civil Action No. 05-2429 (HHK)**
                                          )
**DISTRICT OF COLUMBIA,** *et al.,*        )
                                          )
    **Defendants.**         )
_____)

## ORDER

On consideration of Defendants' Motion for Partial Dismissal of Plaintiffs'

Complaint, Plaintiffs' opposition thereto, and the record herein, it is this ___ day of

_____, 2006,

    ORDERED, that Defendants' motion is GRANTED; it is,

    FURTHER ORDERED, that any claims pursuant to 42 U.S.C. § 1983 and 29

U.S.C. §794 are hereby dismissed; and it is

    FURTHER ORDERED, that the claims of plaintiffs Nesbit, Gray-Juarez, Sahm

and Solomon-Lane are dismissed with prejudice.


                                             _____
                                             U.S. DISTRICT COURT JUDGE