IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POLLY DAVIS NESBIT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | C.A. No. 05-2429 (HHK) |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFFS' COMPLAINT**

Plaintiffs filed their Complaint for Declaratory Relief on or about December 19, 2005, seeking reimbursement of their attorneys' fees and costs incurred in administrative actions against the District of Columbia Public Schools ("DCPS"), pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1415(i)(3). Defendants have moved this Court to dismiss certain of plaintiffs' claims, and plaintiffs hereby respond to this motion.

I. **DEFENDANTS INCORRECTLY ARGUE THAT CLAIMS BASED UPON THE REHABILITATION ACT MAY NOT BE PURSUED.**

Plaintiffs have asserted jurisdiction pursuant to the IDEA, 20 U.S.C. § 1415(i)(3); the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; 42 U.S.C. § 1983 ("Section 1983"); and 28 U.S.C. §§ 1331 and 1343. Defendants challenge plaintiffs' claims based upon Section 504, maintaining that they should be dismissed because this Section is only intended to bar employment discrimination against handicapped individuals under federally-funded programs. While it is true that Section 504 addresses issues of discrimination in the work place, this Section

also provides individuals with disabilities protection from discrimination "under any program or activity conducted by any Executive agency . . . ." 29 U.S.C. § 794(a). Included in Section 504's definition of "program or activity" are local educational agencies within the definition of 20 U.S.C. § 7801, and school systems. 29 U.S.C. § 794(b)(2)(B). DCPS clearly meets the criteria for a local educational agency under this Section, and therefore, plaintiffs' claims are properly brought under Section 504.

Defendants also rely upon *Smith v. Robinson,* 468 U.S. 992, 1019 (1984) for the proposition that the IDEA "provides the sole remedy for handicapped children who have been denied their right to a free appropriate education." *Id.* More specifically, defendants use *Smith*'s interpretation of the Education for All Handicapped Children Act ("EHA") – the predecessor statute to the IDEA – to support their argument that IDEA is the exclusive avenue through which individuals (and specifically, the plaintiffs here), can assert claims for attorneys' fees. However, defendants' reliance on *Smith* and its progeny is misplaced. Shortly after the Supreme Court decided *Smith*, Congress overturned the rule by passing the Handicapped Children's Protection Act of 1986, which later became the IDEA. "Congress read the Supreme Court's decision in *Smith* and acted swiftly, decisively, and with uncharacteristic clarity to correct what it viewed as a judicial misinterpretation of its intent." *Fontenot v. Louisiana Board of Elementary and Secondary Education*, 805 F.2d 1222 (5th Cir. 1986) (referencing S. REP. NO. 122, 99th Cong., *reprinted* in 1986 U.S.C.C.A.N. 1799-1800). Courts in many jurisdictions have made clear that *Smith* is no longer good law: "20 U.S.C. [S]ection 1415(f) overrules much of *Smith's* holding. The amendment specifically rejects the *Smith* Court's interpretation of EHA as precluding claims under the Constitution or the Rehabilitation Act that are virtually identical to EHA claims."

*Sellers v. School Bd. of the City of Manassas, VA*, 141 F.3d 524, 530 (4th Cir. 1998); *see also Board of Educ. of the East Windsor Reg. Sch. Dist. v. Diamond*, 808 F.2d 987 (3rd Cir. 1986); *J.G. by Mrs. G. v. Board of Educ. of Rochester*, 830 F.2d 444 (2d Cir. 1987). By "overturning" *Smith*, the IDEA cleared the way for claims for parents to obtain attorneys' fees and other relief under Section 504. Defendants have thus misplaced their reliance on *Smith*.

The strongest evidence that plaintiffs are entitled to seek attorneys' fees under Section 504 is found within the IDEA itself. The IDEA specifically states that remedies under Section 504 are available to plaintiffs also having claims under IDEA: "Nothing in this part shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the *Rehabilitation Act of 1973*, or other Federal laws protecting the rights of children with disabilities . . . ." 20 U.S.C. § 1415(l) (emphasis added). The IDEA does not limit plaintiffs' attorneys' fee claims under Section 504 and should, therefore, not be dismissed.

**II.   PLAINTIFFS WITHDRAW THEIR REQUEST FOR RELIEF UNDER 42 U.S.C. § 1983.**

Defendants challenge plaintiffs' pursuit of attorneys' fees under Section 1983. After reviewing the statute, and in light of recent case law from this Court, plaintiffs withdraw their request for attorneys fees under Section 1983.

However, we would note that defendants surely cannot deny that their conduct in violating the IDEA is "persistently egregious," or that they have demonstrated a "custom or practice that is the moving force behind these violations." Such a denial would be absurd, in light of the numerous actions that plaintiffs' counsel alone have brought, alleging these identical

violations, and establishing that in failing to pay owed attorneys' fees and costs, defendants repeatedly and continuously engage in conduct that is nothing short of a "custom or practice."

### III. SERVICE OF THE COMPLAINT HAS BEEN PERFECTED.

Defendants, at note 1, allege that "service of the complaint has not yet been perfected." On the contrary, as evidenced by Exhibit 1, attached, service was made by certified, return-receipt mail to recipients as follows: to Mayor Anthony Williams, on December 27, 2005; to the Office of Corporation Counsel (or "Office of the Attorney General for the District of Columbia"), on December 27, 2005; and to the DCPS Office of General Counsel, on December 28, 2005.  As evidenced by Exhibit 2, attached, service was also made by hand-delivery on January 5, 2006, to the District of Columbia, a Municipal Corporation, at One Judiciary Square. On that same date, another copy of all of the exhibits to the Complaint were hand-delivered to the Office of the Attorney General; electronic mail communications the following day between the undersigned, Haylie Iseman, and defendants' counsel, Edward Taptich, confirmed that these hand-delivered documents had been received.

### IV. CONCLUSION.

Plaintiffs have properly brought this litigation to recover their attorneys' fees and costs under both the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3) and the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Therefore, we respectfully request that the Court deny defendants' Motion for Partial Dismissal of Plaintiffs' Complaint.

Respectfully Submitted,

\_\_\_\_/s/\_\_\_(filed electronically)\_\_\_\_
Michael J. Eig          #912733

\_\_\_\_/s/\_\_\_(filed electronically)\_\_\_\_
Haylie M. Iseman       #471891

MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue
Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for the Plaintiffs