IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PIERCE NESBIT, *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br>    Defendants. | Civil Action No: 05-CV-2429 (HHK) |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiffs respectfully request that this Court enter summary judgment in their favor, for payment in the total amount of $102,915.05. The grounds for this motion appear in the accompanying memorandum of points and authorities and exhibits.

In support of this Motion, plaintiffs respectfully direct the Court to their supporting Memorandum of Points and Authorities, Declaration of Counsel, and Statement of Material Facts as to Which There is No Genuine Dispute. Plaintiffs also respectfully direct the Court's attention to the Exhibits attached to the Complaint, all of which are identified therein, as well as to the updated spreadsheet, attached as Exhibit 23.

WHEREFORE, plaintiffs respectfully request that this Court grant their motion and provide counsel with an opportunity, if necessary, to present oral argument on the motion.

    Respectfully Submitted,

    ____/s/____ (filed electronically)____
    Michael J. Eig           #912733

      /s/ (filed electronically)
Haylie M. Iseman  #471891
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PIERCE NESBIT, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　Defendants. | Civil Action No: 05-CV-2429 (HHK) |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

　　　　On December 19, 2005, plaintiffs initiated this action on behalf of a number of students with disabilities and their parents. The relatively simple allegations were characterized in a detailed Complaint: the students were each prevailing parties in due process hearings or settlement agreements under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, and were seeking attorneys' fees and costs under 20 U.S.C. § 1415(i)(3)(B).[1] Those fees were originally summarized by Plaintiffs' Exhibit 2 (attached to the Complaint), and have since been updated to reflect the current payment status. *See* Exhibit 23 (attached); *see also* Exhibit 22, attached to Plaintiffs' Motion for Leave of Court to Dismiss Claims for Expert Costs, filed today. All documentation relevant to plaintiffs' claims was identified in, and attached to, the Complaint.

---

[1] 　　　Pursuant to this Court's Order of today, September 18, 2006, granting leave to dismiss claims for expert costs, plaintiffs are seeking a reduced reimbursement that does not include the expert costs expended in their administrative cases. The updated spreadsheet, attached hereto as Exhibit 23, reflects the status of all outstanding claims, with expert costs removed. It reflects recent payments for attorneys fees and expenses, made after the Complaint was filed, and does not include the four plaintiffs whose claims have been paid in full, and were dismissed under a second Order granted today.

**I.     ALL PLAINTIFFS ARE PREVAILING PARTIES.**

Plaintiffs are *all* prevailing parties under the IDEA, 20 U.S.C. § 1415(i)(3)(B). *See* Exhibits 3-21 (all exhibits lettered A). They are therefore entitled to reimbursement, since this statute empowers courts to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." The attorneys' fees and costs in an IDEA action are not limited to those incurred in a federal action; instead, "[p]revailing parents may also recover fees incurred during administrative proceedings." *Moore*, 907 F.2d 165.

All of the plaintiffs prevailed after either a hearing or a settlement agreement that ascribes "prevailing party" status to plaintiffs for the purpose of recovering fees and costs. Thus, all plaintiffs either secured an administrative "judgment on the merits," or settlement contemplating a fee award.

**II.    PLAINTIFFS ARE ENTITLED TO AN AWARD OF FEES AND COSTS.**

The attorneys' fees provision of the IDEA provides that:

> In any action or proceeding brought under this section, the court, in
> its discretion, may award reasonable attorneys' fees as part of costs
> the parents of a child with a disability who is the prevailing party.

20 U.S.C. § 1415(i)(3)(B). Thus, as demonstrated herein and in the accompanying exhibits, all of the plaintiffs prevailed in an "action" brought under the IDEA, and are therefore entitled to summary judgment on this issue.

In summary, plaintiffs have filed timely and sufficiently-alleged claims, entitling them to attorneys' fees. For this reason, plaintiffs are entitled to an award of fees.[2]

Defendants remain liable for the entire amount sought through this action. Pursuant to Rules 54(d)(2) and 56 of the Federal Rules of Civil Procedure, Rule 54.2 of the Local Civil Rules of this Court, and 20 U.S.C. § 1415(i)(3), plaintiffs now move the Court to order reimbursement of these outstanding attorneys' fees and costs in the amount of $102,915.05.[3]

### III. PLAINTIFFS' HOURLY RATES ARE CONSISTENT WITH THE RATES PREVAILING IN THE COMMUNITY.

Reasonable fees are determined by multiplying the number of reasonable hours by the reasonable rates per hour, in order to arrive at the lodestar figure. *Hensley v. Eckerhard*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Applicable hourly rates are those market rates applicable in the community. *Hensley*, 461 U.S. 424; *Texas Teachers Assn. v. Garland Sch. Dist.*, 489 U.S. 782 (1988); *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516 (D.C. Cir. 1988). Plaintiffs' counsels' hourly rates as set forth in the Declaration of Counsel, attached to this motion, are consistent with the market rates in this community for special education cases. Under *Hensley*, the fee applicant bears the burden of "documenting the appropriate hours expended and hourly rates . . . and should exercise 'billing judgment'. . . ." 461 U.S. at 437. In submitting this fee request, plaintiffs' counsel have exercised "billing judgment" and have properly documented the time expended. The attached declaration by plaintiffs'

---

[2]  But, *see* Plaintiffs' Motion to for Leave of Court to Dismiss Claims for Expert Costs, explaining the rationale behind plaintiffs' nonentitlement to expert costs.

[3]  Again, this total does not include expert costs, or the claims of the four plaintiffs dismissed in full.

counsel, and the listings of fees and costs attached to the Complaint as Exhibits 3-21 (all exhibits lettered B), set forth the specific work for which reimbursement is sought.

As set out in counsel's declaration, the fees sought are the customary fees that we charge for like work.  Plaintiffs' counsel is preeminent in this area of law and have been recognized by this Court as "a leading [IDEA] firm in the District."  *Kattan v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993).  In addition, this Court has observed that plaintiffs' counsel "waste little effort. . .[and] staff their cases in a reasonable and efficient manner."  *Moore v. D.C.*, 674 F.Supp. 901, 906 (D.D.C. 1987), *aff'd en banc*, 907 F.2d 165 (D.C. Cir. 1990), *cert. denied*, 498 U.S. 998 (1990).  The rates plaintiffs now are seeking are routinely found to be reasonable and awarded by this Court.  *See, e.g.*, *Eby v. District of Columbia*, C.A. No. 93-1826, (D.D.C., Memorandum Order, July 15, 1996); *Holland v. District of Columbia*, No. 93-1370, (D.D.C., Memorandum Order, August 28, 1996); *Ceja v. District of Columbia,* No. 94-2529, (D.D.C., Memorandum Order, February 22, 1996); *Applebaum v. District of Columbia*, No. 94-2517, (D.D.C., Memorandum Order, March 19, 1996); *Randolph v. District of Columbia*, C.A. No. 03-373 (Memorandum Order, May 16, 2002); *Bodnar v. District of Columbia,* C.A. No. 00-461 (D.D.C., Memorandum Order, June 18, 2002; *Spilsbury v. District of Columbia*, C.A. No. 02-374 (D.D.C., Memorandum Order, April 24, 2002); *Lipow v. District of Columbia*, C.A. No. 01-1772 (D.D.C., Order, May 21, 3003); *Coleman v. District of Columbia*, C.A. No. 03-126 (D.D.C., Memorandum Opinion and Order, January 21, 2005); *Czarniewy v. District of Columbia*, C.A. No. 02-1496 (D.D.C., Memorandum Opinion and Order, March 25, 2005); *Spilsbury v. District of Columbia*, C.A. No. 03-374 (D.D.C., Memorandum Opinion and Order, March 31, 2005); *Reusch v. District of Columbia*, C.A. No. 04-266 (D.D.C., Memorandum Opinion and Order,

October 6, 2005); *Solomon-Lane v. District of Columbia*, C.A. No. 99-2404 (D.D.C., Order, April 5, 2006). In fact, since some of these cases were decided several years ago, the upper limit of acceptable rates has increased. *See, e.g., Clegg v. District of Columbia*, C.A. No. 00-2930 (D.D.C., Consent Decree, February 20, 2002) (awarding attorneys' fees to another special education law firm at the rate of $361.00 per hour – higher than the rates sought in the instant case).

As evidenced by the attached declaration, the case law, and the billing statements, plaintiffs' fees and costs are reasonable in terms of time expended, rates and the amounts sought overall.

### IV. PLAINTIFFS' ATTORNEY TIME, EXPENSES, AND EXPERT TIME ARE REASONABLE AND WERE NECESSARY TO OBTAIN SUCCESSFUL RESULTS.

Plaintiffs' attorney time is reasonable in light of the fact that this action was initiated on behalf of students with disabilities and their parents. Obviously, this time was necessary to prevail in administrative proceedings below.

The fees and costs sought include reasonable attorney and expert time, billed at reasonable rates, and expenses that include copy, facsimile and postage charges. The time and expenses of the attorneys involved are not excessive, nor were they anything other than necessary for plaintiffs to obtain favorable administrative decisions or settlement agreements in the due process appeals below.

Plaintiffs have provided defendants with detailed fee information, and have thus met their evidentiary burden under *Nat'l Ass'n of Concerned Veterans*, 675 F.2d 1319 (D.C. Cir. 1992). "The burden of proceeding then shifts to the party opposing the fee award, who must submit facts

and detailed affidavits to show why the applicant's request should be reduced or denied. . . . [A]n opposing party does not meet his burden merely by asserting broad challenges to the application, it is not enough for an opposing party to state, for example, that the hours claimed are excessive and the rates submitted too high." *Id.* at 1337-38. However, this approach is precisely that used by defendants in those cases in which they made partial payments on some (though not all) of plaintiffs' claims. This motion seeks to cure defendants' erroneous failures to pay what plaintiffs are due.

## V.   SUMMARY JUDGMENT IS APPROPRIATE IN THIS CASE.

Pursuant to Local Rule 7.1(h), plaintiffs have attached a Statement of Facts material to the disposition of this motion for summary judgment. Pursuant to the Federal Rules of Civil Procedure, a Court shall render summary judgment:

> [I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FED.R.CIV.P. 56(c). The Supreme Court has held that:

> [I]n cases like the instant one, where the non-moving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories and admissions on file" . . . Such a motion, whether or not accompanied by affidavits will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories and admissions on file" designate specific facts showing that there is a genuine issue for trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Summary judgment is therefore appropriate, as here, where defendants cannot point to any genuine issues of material fact and the parents are entitled to judgment as a matter of law.

However, this rule cannot be interpreted to intend that any factual dispute will defeat a motion for summary judgment.

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.

*Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Further, a "mere scintilla of evidence is not enough to create a fact issue . . . ." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 640 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

Plaintiffs have, as always, explored numerous avenues and spent untold hours on cooperative attempts to resolve this case without resorting to summary judgment, but none have been successful. In fact, defendants have been so resistant that they have most recently attempted to partially *dismiss* plaintiffs' claims, knowing full-well that so much of what plaintiffs seek remains outstanding. These actions cannot be condoned; summary judgment presents a viable vehicle for resolution of the outstanding claims.

There can be no genuine issue as to the facts set forth in this motion, as supported by the information in the Exhibits attached to the Complaint. Therefore, summary judgment is warranted.

**VI.    CONCLUSION.**

Plaintiffs must be reimbursed in full for all they have expended, rather than being forced to continue to wait to receive what has always been rightfully theirs.

For the reasons set forth above, plaintiffs respectfully request that:

1)    summary judgment should be granted in favor of the plaintiffs; and

2)    the Court should award outstanding attorneys' fees and costs as set forth herein, and pursuant to Exhibit 23, in the total amount of $102,915.05.

> Respectfully Submitted,
>
> _____/s/___(filed electronically)_____
> Michael J. Eig          #912733
>
> _____/s/___(filed electronically)_____
> Haylie M. Iseman       #471891
> MICHAEL J. EIG AND ASSOCIATES, P.C.
> 5454 Wisconsin Avenue, Suite 760
> Chevy Chase, Maryland 20815
> (301) 657-1740
> Counsel for the Plaintiffs

**Filed Electronically on:** September 18, 2006