# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PIERCE NESBIT, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No: 05-CV-2429 (HHK) |
| DISTRICT OF COLUMBIA, *et al.*, | |
| Defendants. | |

## MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to Rule 54(d)(2) for the Federal Rules of Civil Procedure and Rule 215 of the Local Rules of this Court, plaintiffs respectfully move the Court for attorneys' fees and costs through this date, as a result of the Order and Judgment issued by this Court on July 12, 2006. Plaintiffs seek attorneys' fees and costs in the amount of $15,844.85 – $15,222.50 in time charges and $622.35 in expenses.

In support of this Motion, plaintiffs file a Memorandum of Points and Authorities in Support of the Motion, and a Declaration of Counsel with attached Exhibits 1 and 2

WHEREFORE, plaintiffs urge the Court to grant their motion and to provide counsel with an opportunity, if necessary, to present oral argument on the motion.

Respectfully Submitted,

/s/    (filed electronically)
Michael J. Eig          #912733

_____/s/___(filed electronically)_____
Haylie M. Iseman     #471891
Michael J. Eig and Associates, P.C.
5454 Wisconsin Avenue
Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for the Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PIERCE NESBIT, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No: 05-CV-2429 (HHK) |
| DISTRICT OF COLUMBIA, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiffs have requested costs and expenses, including attorneys' fees and costs, after agreeing upon a Consent Judgment on all of the remaining student-plaintiffs' claims remaining at the time of the inception of this litigation. This suit was filed on December 19, 2005, and brought by eighteen disabled students and their parents (bearing twenty-one separate claims), who were the prevailing parties in due process hearings or settlement agreements under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq*. During the course of the litigation, defendants made a number of payments to plaintiffs, thus reducing the total amount sought. On September 29, 2006, this Court entered the Consent Judgment, awarding plaintiffs' the remainder of their requested remedy: reimbursement of the attorneys' fees and costs involved in the administrative cases.[1]

Pursuant to Rule 54(d)(2) for the Federal Rules of Civil Procedure, Rule 215 of the Local Rules of this Court, and 20 U.S.C. § 1415(i)(3), plaintiffs now move the Court to order

---

[1]     Note, however, that following the recent Supreme Court decision in *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, plaintiffs withdrew all claims for expert costs.

-1-

reimbursement of the costs and expenses in pursuing this remedies, in the amount of $15,844.85 – $15,222.50 in time charges and $622.35 in expenses.

## I.     PLAINTIFFS ARE THE PREVAILING PARTIES.

Plaintiffs are the prevailing parties, as this Court has granted their motion for summary judgment, in part.  Under the IDEA, plaintiffs are therefore entitled to reimbursement.  20 U.S.C. § 1415(i)(3)(B), invests Courts with the authority to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party."

## II.    PLAINTIFFS' HOURLY RATES ARE CONSISTENT WITH THE RATES PREVAILING IN THE COMMUNITY.

Reasonable fees are determined by multiplying the number of reasonable hours by the reasonable rates per hour, in order to arrive at the lodestar figure.  *Hensley v. Eckerhard*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 888 (1984).  Applicable hourly rates are those market rates applicable in the community.  *Hensley*, 461 U.S. 424; *Texas Teachers Assn. v. Garland Sch. Dist.*, 489 U.S. 782 (1988); *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516 (D.C. Cir.. 1988).  Plaintiffs' counsel's hourly rates as set forth in the Declaration of Counsel, attached to this motion, are consistent with the market rates in this community for special education cases.   Under *Hensley*, the fee applicant bears the burden of "documenting the appropriate hours expended and hourly rates . . . and should exercise 'billing judgment'. . . ." 461 U.S. at 437.  In submitting this fee request, plaintiffs' counsel have exercised "billing judgment" and have properly documented the time expended.  The attached Declaration by plaintiffs'

counsel, and printout of fees and costs, set forth the specific work for which reimbursement is sought.

As set out in counsel's Declaration, the fees sought are the customary fees that our firm charges for like work.  Plaintiffs' counsel is preeminent in this area of law and has been recognized by this Court as "a leading [IDEA] firm in the District."  *Kattan v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993).  This Court has observed that plaintiffs' counsel "waste little effort. . .[and] staff their cases in a reasonable and efficient manner."  *Moore v. D.C.*, 674 F.Supp. 901, 906 (D.D.C. 1987), *aff'd en banc*, 907 F.2d 165 (D.C. Cir. 1990), *cert. denied*, 498 U.S. 998 (1990).  The rates plaintiffs now are seeking are routinely found to be reasonable and awarded by this Court.  *See, e.g.*, *Eby v. District of Columbia*, C.A. No. 93-1826, (D.D.C., Memorandum Order, July 15, 1996); *Holland v. District of Columbia*, No. 93-1370, (D.D.C., Memorandum Order, August 28, 1996); *Ceja v. District of Columbia,* No. 94-2529, (D.D.C., Memorandum Order, February 22, 1996); *Applebaum v. District of Columbia*, No. 94-2517, (D.D.C., Memorandum Order, March 19, 1996); *Randolph v. District of Columbia*, C.A. No. 03-373 (Memorandum Order, May 16, 2002); *Bodnar v. District of Columbia,* C.A. No. 00-461 (D.D.C., Memorandum Order, June 18, 2002; *Spilsbury v. District of Columbia*, C.A. No. 02-374 (D.D.C., Memorandum Order, April 24, 2002); *Lipow v. District of Columbia*, C.A. No. 01-1772 (D.D.C., Order, May 21, 3003); *Coleman v. District of Columbia*, C.A. No. 03-126 (D.D.C., Memorandum Opinion and Order, January 21, 2005); *Czarniewy v. District of Columbia*, C.A. No. 02-1496 (D.D.C., Memorandum Opinion and Order, March 25, 2005); *Spilsbury v. District of Columbia*, C.A. No. 03-374 (D.D.C., Memorandum Opinion and Order, March 31, 2005); *Reusch v. District of Columbia*, C.A. No. 04-266 (D.D.C., Memorandum Opinion and Order,

October 6, 2005); *Solomon-Lane v. District of Columbia*, C.A. No. 99-2404 (D.D.C., Order, April 5, 2006). In fact, since many of these cases were decided several years ago, the upper limit of acceptable rates has increased. *See, e.g., Clegg v. District of Columbia*, C.A. No. 00-2930 (D.D.C., Consent Decree, February 20, 2002) (awarding attorneys' fees to another special education law firm at the rate of $361.00 per hour – higher than most of the rates sought in the instant case).

As evidenced by the attached Declaration, the case law, and the billing statements, plaintiffs' fees and costs are reasonable in terms of time expended, rates and the amounts sought overall.

**III.    PLAINTIFFS' ATTORNEY TIME AND EXPENSES ARE REASONABLE AND WERE NECESSARY TO OBTAIN THE RESULTS.**

Plaintiffs' attorney time is reasonable in light of the fact that this action was initiated on behalf of a large number of students with disabilities and their parents, and was finally disposed of by a Consent Judgment in plaintiffs' favor. In fact, at the time that plaintiffs were compelled to file their complaint in this Court, months had passed since many of the plaintiffs began the administrative procedures for seeking the fees and costs now being awarded. The fees and expenses sought through this motion reflect attorneys' fees and costs for initiating and pursuing this action. Exhibit 1 (attached) reflects the time that plaintiffs' counsel expended during this District Court case. Exhibit 2 (attached) reflects the minimal expenses, which include the court filing fee, as well as copying, facsimile and postage charges.

-4-

**IV.    CONCLUSION.**

For the reasons set forth above, plaintiffs respectfully request that the Court award them fees and costs as set forth herein, in the total amount of $15,844.85 – $15,222.50 in time charges and $622.35 in expenses.

Respectfully Submitted,

_____/s/____(filed electronically)_____
Michael J. Eig          #912733

_____/s/____(filed electronically)_____
Haylie M. Iseman        #471891
Michael J. Eig and Associates, P.C.
5454 Wisconsin Avenue
Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for the Plaintiffs

-5-